**No. 26-2394**

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

OSCAR ALEJANDRO PEREZ-GOMEZ
Defendant-Appellant.

On appeal from the United States District Court
for the District of Idaho
1:24-cr-00155-AKB-1
Hon. Amanda K. Brailsford, Presiding

# Appellant's Brief filed under Circuit Rule 4-1(c)(6) and *Anders v. California*, 386 U.S. 738 (1967)

Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
P: (208) 724-2617
chd@fergusondurham.com
*Counsel for Appellant*
**Appellant in Custody**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION .................................................................................. 1

JURISDICTIONAL STATEMENT AND CUSTODY STATUS .......................... 2

ISSUES PRESENTED.............................................................................. 3

STATEMENT OF THE CASE.................................................................... 4

SUMMARY OF THE ARGUMENT ............................................................ 9

ARGUMENT ......................................................................................... 11

I. Whether Mr. Perez-Gomez's waiver of his right to file a direct appeal is enforceable. ............................................................ 11

POSSIBLE ISSUE IN THE ABSENCE OF A KNOWING AND VOLUNTARY WAIVER.......................................................................... 13

II. Mr. Perez-Gomez's sentence of 292 months in prison is substantively unreasonable. ....................................................... 13

CONCLUSION ...................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*Anders v. California*,
386 U.S. 738 (1967). ........................................ 1

*Penson v. Ohio*,
488 U.S. 75 (1988). ........................................ 12

*United States v. Baramdyka*,
95 F.3d 840 (9th Cir. 1996) ........................................ 12

*United States v. Hinkson*,
585 F.3d 1247 (9th Cir. 2009) ........................................ 13

*United States v. Joyce*,
357 F.3d 921 (9th Cir. 2004). ........................................ 11

*United States v. Leniear*,
574 F.3d 668 (9th Cir. 2009) ........................................ 11

*United States v. Ressam*,
679 F.3d 1069 (9th Cir. 2012) ........................................ 13

*United States v. Watson*,
582 F.3d 974 (9th Cir. 2009) ........................................ 11

## Statutes

18 U.S.C. § 3553(a) ........................................ 5, 13

18 U.S.C. § 3231 ........................................ 2

21 U.S.C. § 841(a)(1) ........................................ 2

21 U.S.C. § 841(b)(1)(A) ........................................ 2

28 U.S.C. § 1291 ........................................ 2

## INTRODUCTION

This brief is submitted in accordance with *Anders v. California*, 386 U.S. 738 (1967).

Counsel has carefully examined the facts and matters contained in the record on appeal and has researched the law. Counsel has reluctantly concluded that the appeal does not present a nonfrivolous legal question due to Appellant's enforceable waiver of his right to file a direct appeal.

Still, counsel provides the Court with a potential argument in this brief, should it find that the appellate waiver is not enforceable.

## JURISDICTIONAL STATEMENT AND CUSTODY STATUS

This is a direct appeal from the district court's final judgment sentencing Oscar Perez Gomez to 292 months in prison after his guilty plea to conspiracy to distribute over 500 grams of a mixture or substance containing methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court had jurisdiction under 18 U.S.C. § 3231.

The district court entered its Judgment on April 7, 2026. ER-3. Mr. Perez-Gomez filed a timely Notice of Appeal on April 16. ER-93.

This Court has jurisdiction under 28 U.S.C. § 1291.

Mr. Perez-Gomez is in custody serving his sentence.

## ISSUES PRESENTED

### I.

**Whether Mr. Perez-Gomez's waiver of his right to file a direct appeal is enforceable.**

## POSSIBLE ISSUE IN THE ABSENCE OF A KNOWING AND VOLUNTARY WAIVER

### II.

**Whether Mr. Perez-Gomez's sentence of 292 months in prison is substantively unreasonable.**

## STATEMENT OF THE CASE

The government charged Oscar Alejandro Perez-Gomez, along with four co-defendants, in a nine-count Superseding Indictment. ER-87. Count One charged Mr. Perez-Gomez with conspiracy to distribute more than 500 grams of methamphetamine and any quantity or mixture of a substance containing a detectable amount of methamphetamine. ER-87. Counts Two through Six and Count Eight charged distribution and possession with intent to distribute on certain dates. ER-88-92.

The parties eventually entered into a plea agreement. ER-72. In exchange for Mr. Perez-Gomez's agreement to plead guilty to Count One, the government would dismiss Counts Two through Six and Count Eight. ER-73. The government also agreed to recommend a sentence within the guidelines range. ER-73.

Mr. Perez-Gomez and his counsel signed a written plea agreement. ER-86. A provision within the agreement included a waiver of Mr. Perez-Gomez's direct appeal rights:

> **Waiver**: In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution.
>
> . . .
>
> The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the

> Defendant might file seeking to challenge the plea, conviction or sentence in this case.
>
> . . .
>
> **<u>Direct Appeal</u>**: Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:
>
> a. the sentence imposed by the Court exceeds the statutory maximum;
> b. the Court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or
> c. the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the Court.

ER-81-82.

At the change of plea hearing, the magistrate judge addressed Mr. Perez-Gomez directly regarding his right to appeal and the waiver of that right as part of his plea agreement:

> And then finally, sir, if you chose to go to trial but were convicted at trial, you would have the right to appeal. You would also have the right to have an attorney represent you on appeal. And, again, if you could not afford to retain your own attorney, the Court would appoint counsel to represent you.
>
> All right, Mr. Perez-Gomez, do you understand these

rights, sir?

A. Yes, Your Honor.

* * *

Q. All right. Sir, now having heard my explanation of your rights, do you still wish to plead guilty and waive those rights?

A. Yes, ma'am.

* * *

Q. Okay. Now, if you turn to page 10 of your plea, there's a section that begins on page 10 and that talks about waiver of your rights on appeal. Now, typically, sir, if a defendant pleads not guilty and then proceeds to trial and is convicted, he has the right to appeal his conviction, his sentence, and pursue what's called habeas corpus relief. However, your plea agreement contains a provision whereby you are waiving or giving up some or all of your rights to appeal your conviction, your sentence, and to pursue habeas corpus relief.

Do you understand that sir?

A. Yes, Your Honor.

ER-53-54, 65.

The case then proceeded to sentencing. The presentencing investigator found, based on the total drug quantity of at least 15 kilograms but less than 45 kilograms, that the base offense level was 36. PSR-16. He then added a two-level specific offense characteristic based on an allegation that a gun was possessed in connection with the offense and another two-level increase based on violence or a credible threat of violence. *Id*. Finally, the presentence investigator added two more levels for obstruction of justice after concluding that Mr. Perez-Gomez "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." *Id*. With a downward adjustment of three levels for acceptance of responsibility, the total offense level was 39. *Id*. Mr. Perez-Gomez's criminal history category was VI, yielding a PSR range of 360 months to life. [1] PSR-31.

After receiving the PSR, but before sentencing, Mr. Perez-Gomez submitted a motion to the Court in which he requested new counsel. Dist. Ct. Dkt. 242. The Court granted that request and appointed an attorney from the CJA panel to represent Mr. Perez-Gomez.

---

[1] Mr. Perez-Gomez's counsel filed five objections to the initial PSR. PSR-30-32. The presentence investigator granted three of them, which reduced the total offense level to what was described, above. *Id*. Counsel then notified the presentence investigator that Mr. Perez-Gomez was withdrawing the other two objections. *Id*. at 32.

Mr. Perez-Gomez presented significant mitigating evidence to the district court in support of a reduced sentence. He had experienced severe developmental delays as a child. A childhood psychological assessment showed "ADHD, reading disorder, disorder in written expression, adjustment disorder with mixed emotional features, conduct disturbance, and borderline intellectual functioning with IQ at 82." PSR-73. He was bullied as a kid, and, eventually, sexually abused. PSR-77-82. He became predisposed to trust anyone who showed him kindness, and he developed a lifelong tendency to unquestionably follow others' directions. PSR-71. Not surprisingly, he began to abuse drugs as a teenager, likely as a means to self-medicate and to cope, and then he started to get into legal trouble. PSR-83. He has since been diagnosed with intense anxiety and depression, for which he is currently medicated. PSR-85.

As for the current offense, Mr. Perez-Gomez was using methamphetamine heavily at the time. PSR-90-91. He initially bought from an individual who became a confidential informant and then bought from him. *Id*. He became increasingly involved in drug dealing and the quantities started to pile up. *Id*. He got deeper into debt as he trusted others who did not have his best interests in mind. *Id*. He believed his family was in danger. *Id*. at 93. When he was arrested, he immediately spoke with law enforcement officers, as he trusted them when they told him it would help him if he confessed. *Id*. at 94.

The government's motion for an additional downward departure of three levels was granted, resulting in a final offense level of 36, criminal history category VI, with a range of 324 to 405 months. ER-20-21.

Mr. Perez-Gomez's counsel argued that a sentence within the guidelines range was greater than necessary to meet the goals of sentencing under 18 U.S.C. § 3553(a) factors. ER-27. It would result in unwarranted disparities with co-defendants in related cases, who had received sentences on the low end of 33 months to the high end of 156 months. ER-31, PSR-41. Counsel further argued that Mr. Perez-Gomez's guidelines range punishes him much more harshly for taking responsibility early because he self-reported an additional 44 pounds of methamphetamine. *Id*. His self-report increased his offense level well beyond those who did not talk to law enforcement. PSR 39-40. Mr. Perez-Gomez's admission to law enforcement fits like a hand in glove with his psychological tendency, because of early childhood trauma, to trust those in positions of authority and to want to help them. Counsel argued for a sentence within a range of 151 to 188 months, which would be sufficient but not greater than necessary. ER-33.

The district court granted a one level downward variance based on Mr. Perez-Gomez's "diminished capacity, his serious drug addiction, his lack of youthful guidance, his abuse, including sexual abuse, as a child." ER-39 But it

refused to go lower. It sentenced him to 292 months in prison. ER-39. He filed a timely notice of appeal, and the undersigned was appointed. ER-93.

## SUMMARY OF THE ARGUMENT

This Court enforces an appeal waiver when the record discloses that the defendant knowingly and voluntarily gave up his right to appeal. Here, after a conscientious review of the record, counsel is unable to support an argument that Mr. Perez-Gomez did not knowingly and voluntarily waive his right to a direct appeal. None of the limited exceptions contained within the waiver provision of the plea agreement are applicable.

Should the Court find that the waiver is inapplicable for any reason, counsel raises the following potential argument that could be made on Mr. Perez-Gomez's behalf.

All sentences can be reviewed on appeal for reasonableness. If Mr. Perez-Gomez's waiver is not enforceable, he could argue that his 292-month sentence is greater than necessary to meet the goals of sentencing, and therefore not reasonable on the facts and circumstances of this case.

# ARGUMENT

## I.

**Whether Mr. Perez-Gomez's waiver of his right to file a direct appeal is enforceable.**

### A. Standard of Review

This Court reviews the record *de novo* to determine whether an appellant has validly waived his right to appeal. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004).

### B. Legal Standards

The Court will enforce a waiver of appellate rights "if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *See*, *e.g*., *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) (citation omitted). The Court construes plea agreements using general contract principles and construes any ambiguity in the defendant's favor. *Id*. (citation omitted). "The scope of a knowing and voluntary waiver is demonstrated by the express language of the plea agreement." *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (internal quotation marks omitted). The Court "looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and

voluntarily." *Watson*, 582 F.3d at 986 (citing *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996)).

### C. Discussion

Counsel has reviewed the record with those legal principles firmly in mind and is unable to present a non-frivolous argument that Mr. Perez-Gomez's decision to waive his appellate rights was unknowing or involuntary. The language in the plea agreement does not appear to be ambiguous. The magistrate judge personally went over the waiver provision during the change of plea hearing with Mr. Perez-Gomez, which he acknowledged he understood. The change of plea colloquy was lengthy and complies with Rule 11 of the Federal Rules of Criminal Procedure. The issue that counsel raises as a possible appellate argument falls within the scope of the waiver. Nonetheless, the Court has an independent obligation to review the record to determine whether any arguable grounds for relief exist. *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

## POSSIBLE ISSUE IN THE ABSENCE OF A KNOWING AND VOLUNTARY WAIVER

## II.

**Mr. Perez-Gomez's sentence of 292 months in prison is substantively unreasonable.**

### A. Standard of Review

This Court reviews a within-guidelines sentence to determine whether it is reasonable in light of the facts of the case and the factors set forth in 18 U.S.C. § 3553(a). The Court will affirm unless it reaches "a definite and firm conviction" that, in imposing the guidelines-range sentence, "the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc)).

### B. Discussion

The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing." 18 U.S.C. § 3553(a). This Court reviews the district court's sentence for substantive reasonableness. *Ressam*, 679 F.3d at 1086.

Several factors show that a sentence below the recommended guidelines range would have been sufficient, but not greater than necessary, to comply with all the purposes of sentencing.

As counsel pointed out to the district court, Mr. Perez-Gomez's co-defendants and defendants in related cases received sentences between 33 months and 156 months, PSR-40-41, with an average of about 84 months. Mr. Perez-Gomez's sentence of 292 months is grossly disproportionate to those sentences for similar conduct. He took responsibility early and admitted an additional 44 pounds. His full admission and cooperation actually *increased* his sentencing exposure because of the drug weight beyond the defendants who did not voluntarily disclose pound weights. His acceptance of responsibility was therefore not accurately captured in the pro forma, three-level reduction under the guidelines or the government's downward departure motion of three additional levels. It should have counted for much more.

Mr. Perez-Gomez also had an unstable and extremely difficult upbringing. He was developmentally delayed as a child. PSR-71-73. His older sister was his primary caregiver. *Id*. He was bullied in school. Id. Eventually, he experienced grooming and sexual abuse. *Id*. at 80.

From this abandonment and trauma, he developed a psychological tendency to trust anyone who showed him kindness and to follow the directions of others. It is hardly surprising that this mix of deleterious socio-economic factors and childhood abuse led him to run afoul of the law as an adolescent and to develop a drug addiction. Left untreated, that was a pattern that Mr. Perez-Gomez repeated.

After he was arrested in this case, and he was diagnosed, he began rehabilitative efforts in earnest. He has been diagnosed with severe anxiety and depression and now takes medication. He has gained insight into why he engaged in the patterns that he repeated in his life. He intends to continue treatment, which he knows stabilizes him.

Any distribution of controlled substances is serious and warrants a harsh punishment. But 24.3 years in prison is greater than necessary given Mr. Perez-Gomez's heightened acceptance of responsibility, the disparity between his sentence and others similarly situated, and in light of the compelling mitigating factors in this case. Something considerably less would have been sufficient to meet all the requirements of § 3553(a).

For these reasons, Mr. Perez-Gomez contends that the district court's sentence was substantively unreasonable.

**CONCLUSION**

If the Court finds the appellate waiver unenforceable, it should reverse and remand for a new sentencing hearing.

Respectfully submitted on September 16, 2026.

*/s/Craig H. Durham*
Craig H. Durham
FERGUSON DURHAM, PLLC
Attorney for Appellant

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 26-2394

I am the attorney or self-represented party.

**This brief contains** 2,729 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- (●) complies with the word limit of Cir. R. 32-1.
- ( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - [ ] it is a joint brief submitted by separately represented parties.
  - [ ] a party or parties are filing a single brief in response to multiple briefs.
  - [ ] a party or parties are filing a single brief in response to a longer joint brief.
- ( ) complies with the length limit designated by court order dated ______.
- ( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Craig H. Durham **Date** September 16, 2026
*(use "s/[typed name]" to sign electronically-filed documents)*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** 26-2394

The undersigned attorney or self-represented party states the following:

- (●) I am unaware of any related cases currently pending in this court.
- ( ) I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.
- ( ) I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** s/Craig H. Durham **Date** Sep 16, 2026

*(use "*s/[typed name]*" to sign electronically-filed documents)*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 15. Certificate of Service for Electronic Filing**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 26-2394

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Oscar Alejandro Perez-Gomez, #20529-511
USP Victorville
P.O. BOX 3900
ADELANTO, CA 92301

**Description of Document(s)** *(required for all documents)*:

Appellant's Brief filed under Circuit Rule 4-1(c)(6)
and Anders v. California, 386 U.S. 738 (1967)

**Signature** s/Craig H. Durham **Date** Sep 16, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*